IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| Sadler Clinic, PLLC, | § | Case No.: 12-34546 |
| | § | |
| and | § | |
| | § | |
| Montgomery County | § | Case No.: 12-34547 |
| Management Company, LLC | § | |
| | § | Substantively Consolidated |
| Debtors | § | Under Case No. 12-34546 |
| | § | (Chapter 7) |
| ------------------------------------- | § | |
| Allison D. Byman, | § | |
| Chapter 7 Trustee | § | |
| | § | |
| v. | § | Adversary No. _____ |
| | § | |
| Anda, Inc. | § | |

**TRUSTEE'S COMPLAINT
TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO
DISALLOW PROOF OF CLAIM UNDER 11 U.S.C. § 502(d)**

COMES NOW, Allison D. Byman, Chapter 7 Trustee for the above-captioned substantively consolidated bankruptcy estate (the "*Trustee*" or "*Plaintiff*"), respectfully files her *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 and Disallow Proof of Claim Under 11 U.S.C. § 502(d)* against Anda, Inc., and shows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this adversary proceeding under 28 U.S.C. §§ 1334 and 157. Relief is sought pursuant to 11 U.S.C. §§ 547 and 550 and other applicable law.

2. This adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O). The Trustee consents to the entry of final orders or judgment by the bankruptcy

judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

3. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409(a) because the above-captioned bankruptcy case is pending before this Court.

## THE PARTIES

4. Allison D. Byman is the duly qualified and acting Chapter 7 Trustee for the above-captioned substantively consolidated bankruptcy estate of Sadler Clinic, PLLC ("*Sadler*") and Montgomery County Management Company, LLC ("*MCMC*") (Sadler and MCMC are referred to herein individually as the "*Debtor*" and collectively as the "*Debtors*").

5. Anda, Inc. ("*Defendant*") is a Florida corporation and may be served with process by serving its registered agent C T Corporation System at 1200 South Pine Island Road, Plantation, Florida 33324 by any means provided for under the Bankruptcy Code.

## RELEVANT FACTS

6. On June 15, 2012 (the "*Petition Date*"), Sadler and MCMC each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. On August 2, 2012, the Court converted the cases to chapter 7 of the Bankruptcy Code. Thereafter, Allison Byman was appointed Chapter 7 Trustee to administer the assets of the bankruptcy estates.

8. On September 16, 2013, the Court ordered the two bankruptcy cases substantively consolidated for all intents and purposes.

9. On March 23, 2012, Sadler and/or MCMC made a payment in the amount of $2,500.00 to the Defendant (the "*First Transfer*"). The First Transfer was in the form of an ACH. The Defendant received the ACH in its bank account. On information and belief, the

Defendant received the First Transfer and such was credited to its bank account. The First Transfer was payment on an antecedent debt owed by Sadler and/or MCMC to the Defendant.

10. On March 30, 2012, Sadler and/or MCMC made a payment in the amount of $2,500.00 to the Defendant (the "*Second Transfer*"). The Second Transfer was in the form of an ACH. The Defendant received the ACH in its bank account. On information and belief, the Defendant received the Second Transfer and such was credited to its bank account. The Second Transfer was payment on an antecedent debt owed by Sadler and/or MCMC to the Defendant.

11. On April 9, 2012, Sadler and/or MCMC made a payment in the amount of $2,500.00 to the Defendant (the "*Third Transfer*"). The Third Transfer was in the form of an ACH. The Defendant received the ACH in its bank account. On information and belief, the Defendant received the Third Transfer and such was credited to its bank account. The Third Transfer was payment on an antecedent debt owed by Sadler and/or MCMC to the Defendant.

12. On April 13, 2012, Sadler and/or MCMC made a payment in the amount of $2,500.00 to the Defendant (the "*Fourth Transfer*"). The Fourth Transfer was in the form of an ACH. The Defendant received the ACH in its bank account. On information and belief, the Defendant received the Fourth Transfer and such was credited to its bank account. The Fourth Transfer was payment on an antecedent debt owed by Sadler and/or MCMC to the Defendant.

13. On April 23, 2012, Sadler and/or MCMC made a payment in the amount of $2,500.00 to the Defendant (the "*Fifth Transfer*"). The Fifth Transfer was in the form of an ACH. The Defendant received the ACH in its bank account. On information and belief, the Defendant received the Fifth Transfer and such was credited to its bank account. The Fifth Transfer was payment on an antecedent debt owed by Sadler and/or MCMC to the Defendant.

14. On April 27, 2012, Sadler and/or MCMC made a payment in the amount of $2,500.00 to the Defendant (the "*Sixth Transfer*"). The Sixth Transfer was in the form of an ACH. The Defendant received the ACH in its bank account. On information and belief, the Defendant received the Sixth Transfer and such was credited to its bank account. The Sixth Transfer was payment on an antecedent debt owed by Sadler and/or MCMC to the Defendant.

15. The First Transfer, Second Transfer, Third Transfer, Fourth Transfer, Fifth Transfer and Sixth Transfer are collectively referred to herein as the "*Transfers*".

16. The Transfers within during the ninety (90) days immediately preceding the Petition Date. Pursuant to 11 U.S.C. § 547(f), the Debtors are presumed to have been insolvent during the ninety (90) days before the Petition Date.

17. The Trustee asserts that unsecured creditors will not be paid in full.

### COUNT I – TRANSFERS AVOIDABLE UNDER 11 U.S.C. § 547

18. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

19. The Trustee would show the Transfers are avoidable under 11 U.S.C. § 547.

20. Section 547(b) of the Code provides:

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
>     (1)    to or for the benefit of a creditor;
>     (2)    for or on account of an antecedent debt owed by the debtor before such transfer was made;
>     (3)    made while the debtor was insolvent;
>     (4)    made—
>
>         (A)    on or within 90 days before the date of the filing of the petition; . . .

      (5)    that enables such creditor to receive more than such creditor would receive if—

          (A)    the case were a case under chapter 7 of this title;
          (B)    the transfer had not been made; and
          (C)    such creditor received payment of such debt to the extent provided by the provisions of this title.[1]

21.    Under 11 U.S.C. § 547(b), the Transfers constitute avoidable preferences.

22.    The Transfers to the Defendant constitute transfers of an interest of Sadler and/or MCMC in property.

23.    The Transfers were to or for the benefit of the Defendant.

24.    The Transfers were for or on account of an antecedent debt owed by Sadler and/or MCMC before it made such payment.

25.    Pursuant to 11 U.S.C. § 547(f), Sadler and/or MCMC are presumed to have been insolvent.

26.    The Transfers were made on or within ninety (90) days before the Petition Date.

27.    The Transfers enabled the Defendant to receive more than what the Defendant would have received if (i) the Debtors case was one under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant had received payment of the Debtor's debt to the extent provided by the provisions of the Bankruptcy Code.

## COUNT III – TRANSFERS RECOVERABLE UNDER 11 U.S.C. § 550

28.    The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

29.    The Trustee would show the Transfers are recoverable under 11 U.S.C. § 550.

---

[1]   11 U.S.C. §547(b).

30. Section 550(a)(1) of the Code provides that:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 547 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
> a. the initial transferee of such transfer or the entity for whose benefit such transfer was made; . . .[2]

31. The Defendant was the initial transferee of the Transfers.

32. The Trustee is entitled to avoid and recover the Transfers from the Defendant under either 11 U.S.C. §§ 547 and 550.

### COUNT IV – ANY CLAIMS DISALLOWED UNDER 11 U.S.C. § 502(d)

33. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

34. The Defendant filed proof of claim number 147 in Case Number 12-34547. Disallowance of the Defendant's proof of claim [Case No. 12-34547, Claim No. 147] is proper because the Defendant is in possession of a transfer avoidable under Section 547, and property recoverable under Section 550, unless Defendant pays the amount, or turns over any such property, for which Defendant is liable under Section 550.[3]

### RELIEF

WHEREFORE, the Plaintiff, Allison D. Byman, Chapter 7 Trustee for the above-captioned substantively consolidated bankruptcy estate, prays that this Court enter judgment in her favor as set forth above and to grant all further relief to which she is justly entitled.

DATED this 22nd day of April, 2014.

---

[2] 11 U.S.C. § 550(a)(1).
[3] 11 U.S.C. §§ 502(d), 547.

Respectfully submitted,

*/s/ Simon Mayer*
Steven Shurn          TBN: 24013507
sshurn@hwa.com
Simon Mayer          TBN: 24060243
smayer@hwa.com
HUGHESWATTERSASKANASE, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002-4168
Telephone:  713-759-0818
Facsimile:   713-759-6834
**ATTORNEYS FOR ALLISON D. BYMAN, CHAPTER 7 TRUSTEE**